This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                **No. A-1-CA-37801**

**JAYDEN A.,**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**     Child has appealed following an adjudication of delinquency. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Child has filed a memorandum in opposition. After due consideration, we remain unpersuaded. We therefore affirm.

**{2}**     The pertinent background information has previously been set forth.  We will avoid undue reiteration here, and focus instead on the content of the memorandum in opposition.

**{3}** First, Child renews his argument that his confession should have been suppressed on grounds that it was coerced. [MIO 1-8] In this regard he continues to assert that the officer's statements, including generalized promises to "help" Child and his suggestion that "no problems would result from [any] confession," should be regarded as a promise of leniency. [MIO 3-8]

**{4}** If an express promise of leniency had been made, suppression would have been in order. *See State v. Baroz*, 2017-NMSC-030, ¶ 35, 404 P.3d 769 (observing that express promises of leniency render confessions involuntary as a matter of law). In this case, however, there was no such express promise. And although the officer's statements might have been interpreted as an implied promise of leniency, this is only a factor in the totality of the circumstances that courts consider in determining whether the confession was voluntary. *See State v. Gutierrez*, 2011-NMSC-024, ¶¶ 25-29, 150 N.M. 232, 258 P.3d. 1024.

**{5}** Child suggests that "heightened protections" should be afforded, and contends that a different result should be reached, given that he is a minor, given his "chaotic and unstable" home life, and given that he did not have counsel or a parent present. [MIO 5-6] Although these are relevant considerations, they do not compel a different result. *See, e.g.*, *State v. Rivas*, 2017-NMSC-022, ¶¶ 32-35, 398 P.3d 299 (upholding the validity of a waiver by a juvenile under similar circumstances).

**{6}** We understand Child to further contend that the case of *State v. Talayumptewa*, 2015-NMCA-008, 341 P.3d 20, supports his position. [MIO 7] However, the situation presented in that case is readily distinguishable. In *Talayumptewa*, the officers indicated that if the defendant made admissions, they would intercede with the district attorney to have the charges reduced or not brought at all. *Id.* ¶ 8. The officer did not make similar statements in this case.

**{7}** We remain of the opinion that the generalized offers of help, and the vague statement that "no problems would result," render this case more analogous to the situation addressed in *Gutierrez*, 2011-NMSC-024, ¶¶ 25-29, where an officer's statements that he could "help" if the sixteen-year-old subject would give a truthful statement did not render the ensuing confession involuntary. We arrive at a similar conclusion in this case. We therefore reject Child's principal assertion of error.

**{8}** Finally, Child renews his challenge to the denial of his request for instruction on the defense of involuntary intoxication. [MIO 8-10] As we previously observed, the evidence did not support the defense; and in any event, insofar as CSCM is a general intent crime, the defense was inapplicable. [CN 5-6] We therefore remain unpersuaded.

**{9}** Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

**{10} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**